UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL DAVID LYNCH, JR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2541 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on petitioner Samuel David Lynch, Jr.'s petition for a writ of habeas corpus, and respondent William Stephens' motion to dismiss. Having carefully considered the petition, the motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that respondent's motion to dismiss should be DENIED.

I.  **Background**

Lynch was convicted of aggravated robbery with a deadly weapon and sentenced to 30 years imprisonment. His conviction was affirmed on November 19, 2009. *Lynch v. State*, 01-08-00505-CR (Tex. App.–Houston [1st Dist.] 2008). Lynch did not file a timely petition for discretionary review.

Lynch subsequently filed a state application for a writ of habeas corpus. That petition is still pending.

II.  **Analysis**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") took effect on April 24, 1996. Under AEDPA, except under narrow circumstances, a federal habeas court cannot grant a petition for a writ of habeas corpus unless the petitioner has first exhausted his available state

remedies.  *See* 28 U.S.C. § 2244 (b) and (c).  Respondent contends that Lynch's claims are unexhausted.

"To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal habeas claim to the highest state court."  *Ries v. Quarterman* , 522 F.3d 517, 523 (5th Cir.,2008).  Respondent acknowledges that Lynch filed a state habeas corpus application, and that the application is still pending.  It does not appear that a copy of that application is in the record currently before this Court, but respondent does not contend that the application fails to present the same claims raised in this federal petition.  It thus appears that respondent is incorrect in his assertion that the claims are unexhausted.

Because, however, the claims are still pending in state court, Lynch's federal petition is not yet ripe for review.  Therefore, respondent's motion to dismiss will be denied, and this case will be stayed pending completion of Lynch's state court proceedings.

## III    Conclusion

For the foregoing reasons, respondent's motion to dismiss is denied, and this case is stayed.

## IV.    Order

For the foregoing reasons, it is ORDERED as follows:

A.    Respondent William Stephens' motion to dismiss (Doc. # 12) is DENIED;

B.    This case is STAYED pending resolution of petitioner's state application for a writ of habeas corpus; and

C.    Respondent shall notify this Court in writing of the completion of Lynch's state habeas corpus proceedings within 30 days after the completion of such proceedings, including all appeals and petitions for *certiorari* or other

discretionary review, or within 30 days after the expiration of time to seek such review.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 12th day of August, 2013.

_____
Kenneth M. Hoyt
United States District Judge