UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SAMUEL DAVID LYNCH, JR,              §
                                     §
            Petitioner,              §
VS.                                  §     CIVIL ACTION NO. 4:12-CV-2541
                                     §
WILLIAM STEPHENS,                    §
                                     §
            Defendant.               §

**MEMORANDUM AND ORDER**

This case is before the Court on petitioner Samuel David Lynch, Jr.'s amended petition for a writ of habeas corpus, and respondent William Stephens' motion for summary judgment. Having carefully considered the amended petition, the motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that respondent's motion for summary judgment should be GRANTED, and Lynch's amended petition should be DISMISSED.

I.     **Background**

Lynch was convicted of aggravated robbery with a deadly weapon with two prior felony convictions alleged for sentence enhancement purposes.   He was sentenced to 30 years imprisonment. His conviction was affirmed on November 19, 2009.   *Lynch v. State*, 01-08-00505-CR (Tex. App.–Houston [1st Dist.] 2008).   Lynch did not file a timely petition for discretionary review.

Lynch subsequently filed a state application for a writ of habeas corpus.   While that application was pending, Lynch filed his original petition for federal habeas corpus relief.   On August 12, 2013, this Court denied the respondent's motion to dismiss, but stayed this case until the Texas Court of Criminal Appeals ("TCCA") resolved Lynch's state habeas corpus application.   On September 25, 2013, the TCCA denied Lynch's application without written

order.  SH at cover.[1]  Lynch filed his amended federal petition on April 9, 2014.  Respondent moved for summary judgment on June 12, 2014.

## II.     **The Applicable Legal Standards**

### A.     The Antiterrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997).  Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).  For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this court may grant relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]."  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001).

Under the "contrary to" clause, this court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'"  *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).  "In applying this standard, we must decide (1) what was the decision of the state courts with regard

---

[1]      "SH" refers to the transcript of Lynch's state habeas corpus proceedings.

to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts."  *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999).

A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence."  *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd,* 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003).  The sole inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'"  *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997), *cert. denied*, 522 U.S. 1119 (1998).

B.      The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000).  In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  Where, however, a state prisoner's factual allegations have been resolved against him by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor.  *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981).  In reviewing factual determinations of the Texas state courts, this court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

III.    **Analysis**

Lynch's amended petition raises five claims for relief.  He contends that:

1.      Trial counsel denied him due process by presuming that he was sane at the time of the offense;

2.      Trial counsel was ineffective for failing to investigate the case and present an insanity defense;

3.      Counsel was ineffective for appearing on the trial date with no defense prepared, thereby causing Lynch to plead guilty;

4.      Counsel's failure to prepare an insanity defense denied Lynch his right to an adversarial proceeding; and

5.      Trial counsel was ineffective for failing to request the assistance of a psychiatrist.

These are addressed in turn.

A.      Due Process

Lynch raised his due process claim in his state habeas corpus application.  The trial court found that the claim was not cognizable on habeas review because Lynch could have raised it on direct appeal.  SH at 191.  As noted above, the TCCA denied the application without written order on the findings of the trial court.  *Id.* at cover.  Respondent now argues that this claim is procedurally defaulted.

The procedural default doctrine may bar federal review of a claim.  "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment."  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).  The Supreme Court has noted that

> [i]n all cases in which a state prisoner had defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "This doctrine ensures that federal courts give proper respect to state procedural rules."  *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750-51), *cert. denied*, 523 U.S. 1125 (1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (finding the cause and prejudice standard to be "grounded in concerns of comity and federalism").

To be "adequate" to support the judgment, the state law ground must be both "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 424 (1991). If the state law ground is not firmly established and regularly followed, there is no bar to federal review and a federal habeas court may go to the merits of the claim. *Barr v. Columbia*, 378 U.S. 146, 149 (1964). An important consideration in determining whether an "adequate" state law ground exists is the application of the state law ground to identical or similar claims. *Amos v. Scott*, 61 F.3d 333, 340-41 (5th Cir. 1995). The adequacy of a state law ground to preclude federal court review of federal constitutional claims is a federal question. *Howlett v. Rose*, 496 U.S. 356, 366 (1990).

> [W]hen . . . a state court decision fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so.

*Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983); *see also Coleman v. Thompson*, 501 U.S. 722 (1991) (applying the presumption in the context of habeas).

Texas's requirement that record based claims be raised on direct appeal is firmly established and regularly followed. *See*, *e.g.*, *Ex Parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996); *Ex Parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991). This claim is, therefore, procedurally defaulted. That bar precludes this Court from reviewing Petitioner's claim absent a showing of cause for the default and actual prejudice attributable to the default, or a showing that the Court's failure to consider the claim will constitute a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

"Cause" for a procedural default requires a showing that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule, or a showing of a

prior determination of ineffective assistance of counsel.  *Murray v. Carrier*, 477 U.S. 478, 488

(1986); *Amadeo v. Zant*, 486 U.S. 214, 222 (1988).  Lynch makes no showing of cause for his

default.

A "miscarriage of justice" means actual innocence.  *Sawyer v. Whitley*,

505 U.S. 333, 335 (1992).  To show actual innocence,

> [T]he prisoner must show a fair probability that, in light of all the
> evidence, including that alleged to have been illegally admitted
> (but with due regard to any unreliability of it) and evidence tenably
> claimed to have been wrongly excluded or to have become
> available only after trial, the trier of the facts would have
> entertained a reasonable doubt of his guilt.

*Kuhlmann v. Wilson*, 477 U.S. 436, 455 n.17 (1986).  More succinctly, the petitioner must show

that "it is more likely than not that no reasonable juror would have found petitioner guilty

beyond a reasonable doubt" in light of the evidence now presented.  *Schlup v. Delo*, 513 U.S.

298, 327 (1995).

Lynch admits that he committed the crime.  He therefore has not established that he is

actually innocent.  In the absence of any showing of cause for the default or actual innocence,

this Court cannot consider this procedurally defaulted claim.

B.     Ineffective Assistance of Counsel

Lynch raises several claims of ineffective assistance of counsel.  To prevail on a claim for

ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was
> not functioning as the "counsel" guaranteed by the Sixth
> Amendment.  Second, the [petitioner] must show that the deficient
> performance prejudiced the defense.  This requires showing that
> counsel's errors were so serious as to deprive the defendant of a
> fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness.  *Id.* at 687-88.   Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances.  *Id.* at 688. Review of counsel's performance is deferential.  *Id.* at 689.

Where Lynch's ineffective assistance of counsel claims have been resolved against him by the state courts, Lynch bears a high burden.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo v. Moore*, 562 U.S. 115, ___, 131 S.Ct. 733, 740 (2011)(internal citations and quotation marks omitted).

### 1.   Alleged Ineffective Assistance Leading to Guilty Plea

In his third ineffective assistance claim, Lynch argues that he pled guilty only because counsel appeared for trial with no defense prepared. He argues that he wanted to plead not guilty by reason of insanity but, when counsel appeared in court with no insanity defense prepared, he felt compelled to plead guilty instead.

More than a year before Lynch's trial, the trial court ordered a psychiatric examination of Lynch.  CR at 8-9.[2] The evaluation established that Lynch was sane when he committed the

---

[2]      "CR" refers to the Clerk's Record.

crime, and was competent to stand trial. *Id.* at 15-21. Lynch presents no evidence to the contrary.

Lynch's theory is that he was insane at the time of the offense because he was using crack cocaine and became so depressed that he wanted to engage the police in hopes that they would kill him. *See id.* at 16, Am. Pet. at 7. Even if this assertion is true, however, it provides no basis for an insanity defense. Under Texas law, "[i]t is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong." TEX. PENAL CODE § 8.01(a). Lynch makes no allegation that he did not know that his conduct was wrong. His assertion that he committed the crime so as to engage the police directly undermines an insanity defense by demonstrating that he *did* know that his conduct was wrong, and would thereby cause the police to respond. Because there was no factual basis for an insanity defense, counsel was not deficient for failing to pursue such a defense. *See*, *e.g.*, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

Moreover, the plea was voluntary. The trial court conducted a colloquy in which the court explained to Lynch the possible sentence range he faced if he pled guilty. Lynch stated that he understood and still wished to plead guilty. The court found Lynch competent to enter his plea. 4 Tr. at 5-6.[3]

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000). "The critical issue in

---

[3]  "Tr." refers to the transcript of Lynch's trial court proceedings.

determining whether a plea was voluntary and intelligent is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (internal quotation marks and citation omitted).

Lynch makes no showing that he did not understand the nature and substance of the charges against him.  In addition, the trial court made clear to Lynch that, because the plea did not result from a plea bargain, he faced a sentence of between 25 years and life imprisonment.  4 Tr. at 5.  In light of the fact that Lynch openly acknowledged that he understood that he would not receive any leniency, his claim that he felt compelled to plead guilty by counsel's alleged lack of preparation is unconvincing – there was no advantage to him in pleading guilty, and no risk of a more adverse outcome if he proceeded to trial.  Moreover, his claim that counsel was unprepared pertains  to Lynch's argument that counsel should have pursued an insanity defense. That defense, however, is completely unsupported by the facts of this case.  Therefore, Lynch fails to demonstrate deficient performance by counsel, *Strickland* prejudice, or that his plea was anything less than knowing, voluntary, and intelligent.   Lynch is not entitled to relief on this claim.

2. <u>Remaining Claims</u>

A guilty plea waives all non-jurisdictional defenses.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Challenges to a guilty plea are limited to the knowing and voluntary nature of the plea.  *See Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

Lynch contends that counsel's failure to investigate and prepare an insanity defense led him to plead guilty.  As discussed above, however, there was no factual basis for an insanity defense, and counsel did not render deficient performance by failing to pursue this meritless defense.  The record establishes that Lynch was competent to plead guilty, and that he did so with an adequate understanding of the charges against him and the sentence he faced.  He therefore fails to demonstrate any defect in the plea, and his other claims are waived.      C.

Certificate of Appealability

Lynch has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*,  211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.").  A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his

application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).  The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds.  We hold as follows:  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "[T]he determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)."  *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134 (2001).

    This Court has carefully considered each of Lynch's claims and concludes that each of the claims is foreclosed by clear, binding precedent.  The court concludes that under such precedents Lynch has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).  The court therefore concludes that Lynch is not entitled to a certificate of appealability on his claims.

III.   **Conclusion**

For the foregoing reasons, respondent's motion for summary judgment is granted, and Lynch's petition is denied.

IV.   **Order**

For the foregoing reasons, it is ORDERED as follows:

A.   Respondent William Stephens' motion for summary judgment (Dkt. No. 23) is GRANTED;

B.   Petitioner Samuel David Lynch, Jr.'s amended petition for a writ of habeas corpus (Dkt. No. 19) is, in all respects DENIED;

C.   Lynch's amended petition is DISMISSED WITH PREJUDICE; and

D.   No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 16th day of October, 2014.

Kenneth M. Hoyt
United States District Judge